**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| LIAM KOZMA, derivatively and on behalf of NOVABAY PHARMACEUTICALS, INC. and individually and on behalf of all other similarly situated stockholders of NOVABAY PHARMACEUTICALS, INC., | ) | |
| | ) | C.A. No. 16-cv-1254-JFB-SRF |
| Plaintiff, | ) | |
| v. | ) | |
| MARK M. SIECZKAREK, et al., | ) | |
| Defendants, | ) | |
| And | ) | |
| NOVABAY PHARMACEUTICALS, INC. | ) | |
| Nominal Defendant. | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR CLASS CERTIFICATION, FINAL APPROVAL OF THE PROPOSED SETTLEMENT, AND AN AWARD OF ATTORNEYS' FEES**

Dated: November 3, 2017

OF COUNSEL:

Joseph Levi
William J. Fields
LEVI & KORSINSKY LLP
30 Broad Street, 24th Floor
New York, New York 10004
(212) 363-7500

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 N. Market St., 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiff*

# TABLE OF CONTENTS


PRELIMINARY STATEMENT ........ 1

NATURE AND STAGE OF PROCEEDINGS ........ 2

SUMMARY OF ARGUMENT ........ 3

STATEMENT OF FACTS ........ 4

ARGUMENT ........ 6

I. The Court Should Certify The Class. ........ 6

A. The Settlement Class Satisfies The Numerosity, Commonality, And Typicality Requirements. ........ 6

B. Plaintiff Satisfies The Adequacy Requirement. ........ 8

C. The Court Should Certify The Class Under Rule 23(B)(2). ........ 8

II. The Settlement Is Fair, Reasonable, And Adequate. ........ 9

A. The Settlement Should Be Approved Because Plaintiff Obtained Significant Benefits For Novabay And Its Stockholders. ........ 10

B. Plaintiff Achieved Significant Benefits Without The Need For Expensive And Protracted Litigation. ........ 12

III. The Parties Provided Adequate Notice Of The Settlement To Novabay's Stockholders. 14

IV. Plaintiff's Counsel Is Entitled To An Award Of Reasonable Attorneys' Fees And Expenses Because This Litigation Conferred A Substantial Benefit On Novabay And Its Stockholders. ........ 15

A. Courts Favor A Negotiated Resolution Of Attorneys' Fees. ........ 15

B. This Action Produced Substantial Benefits To Novabay And Its Stockholders, And The And The Requested Award Is Reasonable. ........ 15

CONCLUSION ........ 19

# TABLE OF AUTHORITIES

**Cases**

*Amchem Prods. v. Windsor*,
521 U.S. 591 (1997)........................................................................................6, 9

*Ams. Mining Corp. v. Theriault*,
51 A.3d 1213 (Del. 2012)............................................................................15, 16, 18

*Eisenberg v. Gagnon*,
766 F.2d 770 (3d Cir. 1985)..............................................................................7

*EMAK Worldwide, Inc. v. Kurz*,
50 A.3d 429 (Del. 2012)...............................................................................11, 16

*Gates v. Rohm & Haas Co.*,
248 F.R.D. 434 (E.D. Pa. 2008)........................................................................9

*Girsh v. Jepson*,
521 F.2d 153 (3d Cir. 1975)..........................................................................9, 10

*Harry M. v. Pa. Dep't of Pub. Welfare*,
2013 WL 4500051 (M.D. Pa. Aug. 21, 2013).....................................................10

*Ehrheart v. Verizon Wireless*,
609 F.3d 590 (3d Cir. 2010)..............................................................................9

*Hensley v. Eckherhart*,
461 U.S. 424 (1983)........................................................................................15

*In re Activision Blizzard, Inc.*,
86 A.3d 531 (Del. Ch. 2014)............................................................................18

*In re BankAmerica Corp. Sec. Litig.*,
210 F.R.D. 694 (E.D. Mo. 2002).......................................................................14

*In re BEA Sys. Deriv. Litig.*,
2009 WL 815452, (N.D. Cal. Mar. 27, 2009).......................................................16

*In re Cendant Corp.*,
232 F. Supp. 2d 327 (D.N.J. 2002)................................................................12, 17

*In re Cheniere Energy, Inc.*,
C.A. No. 9710-VCL (Del. Ch. Mar. 16, 2015).....................................................16

*In re Intel Corp. Deriv. Litig.*,
2010 WL 2955178 (D. Del. July 22, 2010)..........................................................10

*In re Johnson & Johnson Derivative Litig.*,
900 F. Supp. 2d 467 (D.N.J. 2012).................................................................9, 13

*In re Ocean Power Techs., Inc.*,
2016 WL 6778218 (D.N.J. Nov. 15, 2016)........................................................7, 8

*In re PAR Pharm. Secs. Litig.*,
2013 WL 3930091 (D.N.J. July 29, 2013) ... 10

*In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*,
148 F.3d 283 (3d Cir. 1998) ... 14

*In re Rite Aid Corp. Secs. Litig.*,
146 F. Supp. 2d 706 (E.D. Pa. 2001) ... 10

*In re SmithKline Beckman Corp. Sec. Litig.*,
751 F. Supp. 525 (E.D. Pa. 1990) ... 13

*In re Warfarin Sodium Antitrust Litig.*,
391 F.3d 516 (3d Cir. 2004) ... 9

*Ingram v. Coca-Cola Co.*,
200 F.R.D. 685 (N.D. Ga. 2001) ... 15

*Kyriazi v. Western Elec. Co.*,
647 F.2d 388 (3d Cir. 1981) ... 14

*Leon N. Weiner & Assocs., Inc., v. Krapf*,
584 A.2d 1220 (Del. 1991) ... 7

*Mills v. Elec. Auto-Lite Co.*,
396 U.S. 375 (1970) ... 17

*Mut. Life Ins. Co. v. Contemporary Real Estate Assoc.*,
979 F.2d 329 (3d. Cir. 1992) ... 16

*O'Brien v. Brain Research Labs, LLC*,
2012 WL 3242365 (D.N.J. Aug. 9, 2012) ... 12, 13

*Perlegos v. Atmel Corp.*,
2007 WL 475453 (Del. Ch. Feb. 8, 2007) ... 11

*Pro v. Hertz Equip. Rental Corp.*,
2013 WL 3167736 (D.N.J. June 20, 2013) ... 13

*Ryan v. Gifford*,
2009 WL 18143 (Del. Ch. Jan. 2, 2009) ... 17

*San Antonio Fire & Police Pension Fund v. Bradbury*,
2010 WL 4273171 (Del. Ch. Oct. 28, 2010) ... 11, 16

*Seinfeld v. Coker*,
847 A.2d 330 (Del. Ch. 2000) ... 18

*Shepherd v. Simon*,
C.A. No. 7902-VCL, (Del. Ch. Sept. 10, 2014) ... 17

*Shlensky v. Dorsey*,
574 F.3d 131 (3d Cir. 1978) ... 6, 10

*Stoetzner v. U.S. Steel Corp.*,
897 F.2d 115 (3d Cir. 1990) ... 14

*Sugarland Indus., Inc. v. Thomas*,
420 A.2d 142 (Del. 1980) ........ 16

*Tandycrafts, Inc. v. Initio Partners*,
562 A.2d 1162 (Del. 1989) ........ 16

*Wyrick v. Redling*,
2:11-CV-5036-PD, Final Order and Judgment (E.D. Pa. Dec. 12, 2012) ........ 19

**Rules**

Fed. R. Civ. P. 23 ........ 6, 7, 8, 9

Plaintiff Liam Kozma ("Plaintiff"), individually and on behalf of the public stockholders of NovaBay Pharmaceuticals, Inc. ("NovaBay" or "the Company") and nominal defendant Novabay, respectfully submits this memorandum of law in support of his Motion for Class Certification, Final Approval if the Proposed Settlement, and an Award of Attorneys' Fees, and requests that the Court enter an order: (1) certifying the settlement class; (2) granting final approval of the settlement as set forth in the Stipulation of Settlement filed with the Court on August 10, 2017 (the "Settlement"); (3) awarding $205,000 in attorneys' fees and expenses to Plaintiff's counsel; (4) awarding Plaintiff an incentive award of $2,000 to be paid out of any award of attorneys' fees and expenses; and (5) dismissing this action with prejudice.

**PRELIMINARY STATEMENT**

In 2016, NovaBay's Board of Directors (the "Board") asked the Company's stockholders to approve an amendment to the Company's equity compensation plan to increase the aggregate number of shares reserved for issuance under the plan. However, in the Company's proxy statement and supplement proxy statement in which the Board solicited stockholder approval of the amendment, the Board misrepresented the number of shares that the amendment would add to the plan, telling stockholders that the amendment would increase the number of shares available for issuance by 1,124,836 shares when it actually would increase the number of shares by 2,541,960 shares. Such a drastic different between the actual increase and what the Board told stockholders would allow the Board to issue more shares and dilute the public stockholders to a greater extent than the stockholders contemplated when approving the compensation plan. As such, Plaintiff challenged the proxy statement and supplement proxy statement on the basis that they contained false and misleading statements.

Rather than needlessly litigate the issues, the parties negotiated at arm's-length and reached a resolution of the litigation that provides Plaintiff effectively full relief. The proposed Settlement provides that Defendants will seek and obtain, based on additional disclosures, a stockholder ratification vote of the challenged amendment to the plan. Such a ratification vote allows stockholders to cast a fully informed vote regarding the amendment and effectively fully resolves Plaintiff's claim that the proxy statement and supplement proxy statement contained false and misleading statements. As part of the Settlement, Defendants also agreed to cause NovaBay to adopt certain corporate governance procedures designed to prevent a repeat of the actions that resulted in this litigation. As such, the proposed Settlement represents a fair and reasonable compromise of the claims alleged in this action, and should be approved.

## NATURE AND STAGE OF PROCEEDINGS

On December 19, 2016, Plaintiff filed the Verified Stockholder Derivative and Class Action Complaint (the "Complaint"), alleging that the Defendants made certain false and misleading statements in the Company's Schedule 14A proxy statement (the "Proxy") and supplement to the Proxy (the "Proxy Supplement") that were filed with the U.S. Securities and Exchange Commission (the "SEC") on April 18, 2016 and May 7, 2016, respectively. (D.I. 1). Specifically, Plaintiff alleged that, in seeking stockholder approval of amendments to NovaBay's 2007 Omnibus Incentive Plan (the "Plan"), stockholders were misled to believe that the proposed amendments would increase the number of shares reserved for issuance under the Plan by 1,124,836 shares (the "Amendment") when the amendments actually increased the number of shares available for issuance by 2,541,960 shares. In June 2016, Defendants Sieczkarek and Paulson received equity awards under the Plan, which Plaintiff claimed was invalid to the extent it was issued using shares purportedly added to the Plan via the challenged Plan amendment.

The parties then engaged in arm's-length negotiations concerning a potential settlement of the claims. On March 24, 2017, after arm's-length negotiations, the Parties reached an agreement in principle regarding the terms of a settlement of the Action. The terms of the Settlement provide that: (1) the Defendants will seek and obtain, based on additional disclosures addressing Plaintiff's allegations, a stockholder ratification vote of the Amendment and the 1,124,836 increase in the number of shares reserved for issuance under the Plan (the "Ratification"); and (2) NovaBay will adopt certain specified enhanced internal controls and additional corporate governance procedures designed to ensure that equity compensation grants are compliant with the Company's stockholder-approved compensation plans and applicable law. On June 2, 2017, the Company held its 2017 annual meeting at which the Company's stockholders ratified the Amendment.

On August 10, 2017, the parties filed the Stipulation of Settlement with the Court. (D.I. 8, Ex. A). On September 26, 2017, the Court granted Plaintiff's motion for preliminary approval and scheduled a hearing for final approval for December 15, 2017. (D.I. 16). On or about October 26, 2017, NovaBay disseminated the Notice of Proposed Settlement ("Notice") to its stockholders in accordance with the Court's order. On October 6, 2017, Plaintiff's counsel posted the Notice to their website in accordance with the Court's order. On October 31, 2017, Plaintiff's counsel posted the Stipulation of Settlement to their website. No stockholder has objected.

## SUMMARY OF ARGUMENT

1. The Court should grant final approval of the Settlement because it fully resolves Plaintiff's claims by enabling NovaBay stockholders to cast a ratification vote with

respect to the Amendment and by having NovaBay adopt enhanced corporate governance procedures, which provide substantial benefits to the stockholders and the Company.

2. Because of the substantial benefits achieved, the Court should approve an attorneys' fees and expenses award of $205,000, which the parties negotiated and agreed to only after reaching agreement on the substantive terms of the Settlement. The requested award will fairly compensate Plaintiff's counsel and is otherwise reasonable and consistent with applicable law.

## STATEMENT OF FACTS

NovaBay is a Delaware corporation with its principal place of business in Emeryville, California 94608. (¶ 4.)[1] The Plan was originally adopted by the Board in March 2007 and approved by the Company's stockholders in April 2007, and became effective in October 2007 when the Company held its initial public offering. (¶ 6.) The Plan provides that the Board "[i]n the event that the [Board's] Committee shall determine that any . . . reverse stock split . . . affects the [Company] Shares such that an adjustment is determined by the Committee to be appropriate . . . then the Committee shall, in such manner as it may deem equitable, adjust any or all of (i) the number and type of Shares (or other securities or other property) that thereafter may be made the subject of Awards[.]" (¶ 7.)

At the time of the Plan's initial, §4(a) of the Plan reserved an aggregate of four million shares of NovaBay stock for issuance as awards under the Plan (the "Aggregate Share Limit"). (¶ 7.) In August 2007, NovaBay effected a 1-for-2 reverse stock split, which reduced the Aggregate Share Limit by half to two million shares. (¶ 7.) In 2008, the Board adopted and the Company's stockholders approved an amendment to the Plan that inserted an "Evergreen

[1] All references to "¶" are to the Complaint (D.I. 1).

Provision" into §4(a) of the Plan, which increased the Aggregate Share Limit each year by a certain number of shares on January 1 of each year between 2009 and 2017. (¶ 33.)

On December 18, 2015, the Company effected a second reverse stock split at a ratio of 1-for-25, which reduced the Aggregate Share Limit proportionately from 11,085,670 shares[2] to 443,427 shares. (¶ 9.) Thereafter, on January 1, 2016, NovaBay added 139,449 shares to the Plan pursuant to the Evergreen Provision, increasing the Aggregate Share Limit to 582,876 shares (*Id.*)

NovaBay filed the Proxy and Proxy Supplement with the SEC on April 18, 2016 and May 7, 2016, respectively. In the Proxy and Proxy Supplement, NovaBay sought stockholder approval of the Amendment to the 2007 Plan to increase the Aggregate Share Limit. (¶ 2). When seeking stockholder approval to increase the Aggregate Share Limit in the Proxy Supplement, the Board represented that the Amendment would increase the Aggregate Share Limit by 1,124,836 shares from 2,000,000 to 3,124,836 shares. (*Id.*) However, because the Aggregate Share Limit at the time was actually only 582,876 shares, the Amendment actually increases the limit by 2,541,960 shares, from 582,876 to 3,124,836 shares. (*Id.*)

On June 6, 2016, the Board issued Sieczkarek and Paulson 675,000 and 160,000 stock options, respectively, under the Plan, using shares that were allegedly added to the Plan via the stockholders' approval of the Plan Amendment. (¶¶ 71-73.)

On April 21, 2017, the Company filed its Schedule 14A Proxy Statement with the SEC in which it sought stockholder approval, based on additional disclosures, of a ratification vote to ratify the Amendment and to increase the Aggregate Share Limit by 1,124,836 shares. On June 2, 2017, the stockholders voted in favor of ratification.

---

[2] Due to the Evergreen Provision, the Aggregate Share Limit increased from 2 million to 11,085,670 shares between August 2007 and December 17, 2015.

## ARGUMENT

Federal Rules of Civil Procedure 23(e) and 23.1 require judicial approval of the Settlement. Rule 23(e) requires a determination that the proposed class settlement is "fair, reasonable and adequate." The same standard applies for derivative settlements under Rule 23.1. *See Shlensky v. Dorsey*, 574 F.3d 131, 147 (3d Cir. 1978) ("[I]t is clear that the same factors [considered for a proposed class settlement] are relevant in a shareholders' derivative suit.").

### I. The Court Should Certify The Class.

Plaintiff seeks class certification for settlement purposes. Certification of a class for settlement purposes is appropriate when the proposed class meets the requirements set forth in Rules 23(a) and (b). *Amchem Prods. v. Windsor*, 521 U.S. 591, 619-21 (1997) In connection with the proposed Settlement, Plaintiff seeks certification of the following Class:

> [A]ll persons and entities (of record or beneficial) who held NovaBay common stock at any time between the close of business on April7, 2016 and the close of business on April 21, 2017, including any and all of their respective successors-in-interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors and successors and assigns, but excluding Defendants, members of the immediate family of any Defendant, any entity in which a Defendant has or had a controlling interest, officers of NovaBay, and the legal representatives, heirs, successors or assigns of any such excluded person. (D.I. 14, Ex. A at 2.)

As demonstrated below, the proposed Class meets all elements of Rule 23(a) and qualifies as a class action pursuant to Rule 23(b)(2).

#### A. The Settlement Class Satisfies The Numerosity, Commonality, And Typicality Requirements.

Numerosity is met if "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). This requirement is satisfied where the proposed class

comprises "more than 90 geographically dispersed plaintiffs." *Eisenberg v. Gagnon*, 766 F.2d 770, 785-86 (3d Cir. 1985); *see also Leon N. Weiner & Assocs., Inc., v. Krapf*, 584 A.2d 1220, 1225 (Del. 1991), *rev'd on other grounds*, 623 A.2d 1085 (Del. 1993) ("Numbers in the proposed class in excess of forty . . . have sustained the numerosity requirement."). The Settlement Class satisfies this requirement. As of April 17, 2017, NovaBay had over 15 million shares of common stock outstanding owned by thousands of individual stockholders.

The commonality requirement is satisfied where "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality is "a low threshold" that is met here. *In re Ocean Power Techs., Inc.*, 2016 WL 6778218, at *5 (D.N.J. Nov. 15, 2016). The primary legal issue in this Action is identical for each member of the Class – whether the Board breached its fiduciary duties by making false and misleading disclosures in the Proxy and Proxy Supplement. The factual issues are also identical, as they all arise from the same events – the dissemination of the Proxy and Proxy Supplement. Accordingly, the commonality requirement is satisfied here. *See id.* (commonality satisfied where "plaintiffs charge defendants with a common course of misconduct – particularly where, like here, the misrepresentations appeared in the Defendants public statements that were disseminated to all investors").

A class is typical for purposes of class certification where "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(2). Here, Plaintiff's claims are precisely the same as those of the Class he seeks to represent. Namely: (1) Plaintiff has suffered the same alleged injury as the members of the class he seeks to represent; (2) the alleged injury resulted from the same alleged course of conduct by Defendants; (3) his claims are based on the same legal issues as the claims of the members of the class he seeks to represent; and (4) Plaintiff's alleged injury occurred because of his status as a NovaBay

stockholder, which is a status he shares with all members of the Proposed Class. Consequently, Plaintiff's claims are typical of those of the members of the class and the typicality requirement is satisfied.

**B. Plaintiff Satisfies The Adequacy Requirement.**

Rule 23(a)(4) requires that a class representative "fairly and adequately protect the interests of the class." This requirement is satisfied if the named plaintiff and his counsel do not have a conflict of interest with other class members and can vigorously prosecute the action on behalf of the class. *See In re Ocean Power Techs., Inc.*, 2016 WL 6778218, at *7. There are no conflicts, disabling or otherwise, between Plaintiff and Class members, as Plaintiff stands in the same shoes as his fellow NovaBay stockholders. In addition, Plaintiff has retained counsel with expertise in this type of litigation, aggressively pursued the claims, and obtained a significant benefit for the Class.

**C. The Court Should Certify The Class Under Rule 23(B)(2).**

In addition to satisfying the requirements of Rule 23(a), a proposed class must fall into one of three categories in Rule 23(b). Under Rule 23(b)(2), a class may be certified where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole[.]" Here, Plaintiff's class claims were predominantly for injunctive and other equitable relief based upon, *inter alia*, allegations that the Defendants breached their fiduciary duties to NovaBay stockholders by making false and misleading disclosures in the Proxy and Proxy Supplement. Thus, all members of the Class faced the same injury flowing from Defendants' conduct in connection with the Proxy and Proxy Supplement, and received the same benefit and relief from the Ratification. Therefore, because Defendants' alleged misconduct

affected all members of the Class, and the Ratification provided all members of the Class with the opportunity to vote in favor of or against the Amendment, certification under Rule 23(b)(2) is appropriate Accordingly, the Class is properly certified under Rule 23(b)(2). *See Gates v. Rohm & Haas Co.*, 248 F.R.D. 434, 442 (E.D. Pa. 2008) (certifying class under Rule 23(b)(2) where "the class members will be sufficiently compensated by injunctive relief"); *see also Amchem Prods.*, 521 U.S. at 614.

## II. The Settlement Is Fair, Reasonable, And Adequate.

The Third Circuit favors settlement in complex litigation matters, as it serves the public interest and conserves judicial resources. *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 535 (3d Cir. 2004); *see Ehrheart v. Verizon Wireless*, 609 F.3d 590, 595 (3d Cir. 2010) (discussing the "strong presumption in favor of voluntary settlement agreements," especially in "class actions and other complex cases where substantial judicial resources can be conserved by avoiding formal litigation").

The Third Circuit considers a number of factors when determining the fairness, reasonableness, and adequacy of a settlement, including derivative settlements. *In re Johnson & Johnson Derivative Litig.*, 900 F. Supp. 2d 467, 479 (D.N.J. 2012). These factors, taken from *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975), include: the range of reasonableness of the settlement in light of a better recovery and the risks in the litigation; the risks of establishing liability and damages; the expense and complexity of continued litigation; the stage and duration of the litigation; the reaction of the class to the settlement; and the ability of the defendants to withstand a greater judgment. *Id.* at 157 (citation omitted). "These factors are a guide and the absence of one or more does not automatically render the settlement unfair. Rather, the court

must look at all the circumstances of the case and determine whether the settlement is within the range of reasonableness under *Girsh*." *In re PAR Pharm. Secs. Litig.*, 2013 WL 3930091, at *3 (D.N.J. July 29, 2013) (quotation omitted). As shown below, the Settlement is reasonable, fair, and adequate and merits final approval according to the applicable *Girsh* factors.

### A. The Settlement Should Be Approved Because Plaintiff Obtained Significant Benefits For Novabay And Its Stockholders.

The "principal factor" to be considered in determining the fairness of a settlement of a stockholder derivative action "is the extent of the benefit to be derived from the proposed settlement by the corporation, the real party in interest." *In re Intel Corp. Deriv. Litig.*, 2010 WL 2955178, at *1 (D. Del. July 22, 2010) (quoting *Shlensky v. Dorsey*, 574 F. 2d 131, 147 (3d Cir. 1978)) In considering this factor, courts weigh the adequacy of the settlement "in the light of the best possible recovery, [and] the risks the parties would face if the case went to trial." *In re Rite Aid Corp. Secs. Litig.*, 146 F. Supp. 2d 706, 733 (E.D. Pa. 2001) (quotation omitted). Courts evaluate "the present value of the damages plaintiffs would likely recover if successful, appropriately discounted for the risk of not prevailing, with the amount of the proposed settlement." *PAR Pharm.*, 2013 WL 3930091, at *7 (citation omitted).

The Settlement here represents a triumph for NovaBay and its stockholders and effectively provides Plaintiff with full relief, which easily warrants approval. *See Harry M. v. Pa. Dep't of Pub. Welfare*, 2013 WL 4500051, at *2 (M.D. Pa. Aug. 21, 2013) (approving settlement where "the proposed settlement agreement accords Plaintiffs virtually all the relief which they sought in their complaint, meaning that the benefits of settlement far outweigh the potential risks of continuing to seek relief through litigation").

Under the terms of the Settlement, NovaBay sought and obtained a ratification vote concerning the Amendment and the 1,124,836-share increase in the Aggregate Share Limit. By

causing the Company to hold a ratification vote, the Settlement vindicates stockholder voting rights, which are "sacrosanct." *EMAK Worldwide, Inc. v. Kurz*, 50 A.3d 429, 433 (Del. 2012) (holding that protecting stockholder voting rights provides a significant corporate benefit); *see also Perlegos v. Atmel Corp.*, 2007 WL 475453, at *28 (Del. Ch. Feb. 8, 2007) ("A stockholder's vote is one of the most fundamental rights of owning stock."). As one court has explained, "[v]indication of the shareholder franchise is a major public policy objective; as a core value in corporate governance, steps undertaken to protect the [stockholder] franchise may be recognized as having a very real, even if unquantifiable, benefit." *San Antonio Fire & Police Pension Fund v. Bradbury*, 2010 WL 4273171, at *13 (Del. Ch. Oct. 28, 2010).

In addition, the Settlement provides that the Company will adopt and implement enhanced corporate governance procedures designed to prevent a reoccurrence of the alleged issues that resulted in this action. Specifically, the Company will adopt or, to the extent already in practice, continue practicing the following corporate governance enhancements:

- (i) ensuring that all future grants of equity compensation are reviewed by the NovaBay Board of Directors (the "Board") and comply with all applicable laws, committee charters, and/or other governing documents;

- (ii) retaining adequate documentation of all awards made under any applicable compensation plans and appointing an individual (who may but need not be a member of the Board or an officer or employee of NovaBay) to monitor compliance with the enhancements contained herein; and

- (iii) ensuring that the Board, or a designated Board committee, formally review and approve (in writing or otherwise) all disclosures in proxy statements or other public filings containing compensation disclosures, before such statements are publicly filed.

In approving a settlement, the Court may also consider the likelihood of establishing liability and damages, "giv[ing] credence to the estimation of the probability of success proffered by [] counsel, who are experienced with the underlying case, and the possible defenses which

may be raised to their causes of action." *O'Brien v. Brain Research Labs, LLC,* 2012 WL 3242365, at *17-18 (D.N.J. Aug. 9, 2012) (citation omitted). While Plaintiff believes that the claims asserted were very strong, there are risks associated with prosecuting the case through trial and, potentially, through appeals. In light of this uncertainty, Plaintiff was required to weigh the value of a negotiated resolution that provides substantial relief on all claims against the risk of engaging in protracted litigation and losing at trial. In entering into the Settlement, Plaintiff considered, among other things: (i) the attendant risks of continued litigation and the uncertainty of the outcome of the Action; (ii) the probability of success on the merits; (iii) the inherent problems of proof associated with, and possible defenses to, the claims asserted in the Action; (iv) the desirability of permitting the settlement to be consummated according to its terms; (v) the expense and length of continued proceedings necessary to prosecute the Action through trial and appeals; (vi) the fact that NovaBay's by-laws exculpate duty of care claims; and (vii) the conclusion of Plaintiff and his counsel that the terms and conditions of the Settlement are fair, reasonable, and adequate, and that it is in the best interests of NovaBay and its stockholders to settle the Action on the terms set forth herein.

### B. Plaintiff Achieved Significant Benefits Without The Need For Expensive And Protracted Litigation.

In considering whether to approve a settlement, courts also look to "the degree of case development that class counsel [has] accomplished prior to settlement." *In re Cendant Corp.*, 232 F. Supp. 2d 327, 334 (D.N.J. 2002) (quotation omitted). Plaintiff conducted a thorough investigation of the subject matter of this litigation, which included: (1) reviewing and analyzing NovaBay's filings with the U.S. Securities & Exchange Commission, press releases, announcements, media reports, and news articles; (2) drafting the pleadings; (3) researching applicable law with respect to the claims asserted, damages and potential defenses; and (4)

negotiating the terms of an appropriate settlement. Accordingly, Plaintiff's counsel was able to make a well-informed decision about the fairness, adequacy, and reasonableness of the Settlement.

Further, given the nature of the claims asserted by Plaintiff, discovery would have been extensive if litigation had proceeded. Plaintiff would likely have received and reviewed thousands of pages of documents, engaged in written discovery, and deposed Defendants and potentially other NovaBay employees and consultants. This discovery would have been a costly and time-consuming process. On the other hand, an early settlement in this matter would obviate the need for further discovery, dispositive motions, trial, and the potential for post-trial motions and appeals, the costs of which would be exponentially greater than they are at present. *See Pro v. Hertz Equip. Rental Corp.*, 2013 WL 3167736, at *3 (D.N.J. June 20, 2013); *O'Brien*, 2012 WL 3242365, at *13 (early settlement allowed parties to avoid "adversarial path of litigation").

Moreover, while this case was settled at an early stage, this was not at the expense of achieving an excellent result. "Even settlements reached at a very early stage and prior to formal discovery are appropriate where there is no evidence of collusion and the settlement represents substantial concessions by both parties." *In re Johnson & Johnson Deriv. Litig.*, 900 F. Supp. 2d at 482 (citing cases where courts "have approved settlements while the case was in the pre-trial stage and formal discovery had not yet commenced"). Approving the Settlement is particularly appropriate here, as Plaintiff achieved effectively full relief.

The stockholders response to the Settlement also supports final approval. "The reaction of the class to the proffered settlement is perhaps the most significant factor to be weighed in considering its adequacy." *In re SmithKline Beckman Corp. Sec. Litig.*, 751 F. Supp. 525, 530 (E.D. Pa. 1990). Here, despite there being over 15 million outstanding shares of NovaBay

common stock and thousands of NovaBay stockholders, Plaintiff's counsel has not received a single objection. This in and of itself is convincing evidence of the Settlement's fairness, reasonableness and adequacy. *See Stoetzner v. U.S. Steel Corp.*, 897 F.2d 115, 118-19 (3d Cir. 1990) (finding that "only" 29 objections out of a 281 member class "strongly favors settlement").

## III. The Parties Provided Adequate Notice Of The Settlement To Novabay's Stockholders.

Nonparty stockholders must receive notice of a proposed settlement. *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 326 (3d Cir. 1998). The notice "must be sufficiently informative and give sufficient opportunity for response." *Kyriazi v. Western Elec. Co.*, 647 F.2d 388, 395 (3d Cir. 1981). Here, the Court required that the Notice be mailed to all members of the proposed Class who can be identified with reasonable efforts, which NovaBay did on October 26, 2017. Plaintiff's counsel also posted the Notice to their website on October 6, 2017, and posted the Stipulation of Settlement to their website on October 31, 2017.[3] The Notice is nine pages long and describes the litigation and Settlement terms in detail. The Notice also advises stockholders that they have the right to object and/or be heard and allows approximately one month for objections to be lodged. *See, e.g.*, *In re BankAmerica Corp. Sec. Litig.*, 210 F.R.D. 694, 708 (E.D. Mo. 2002) (finding notice sufficient where "[t]here were three to four weeks between the mailing of class notice and the last date to object"). As the parties provided fair notice, notice was sufficient for the purposes of settlement.

[3] Plaintiff's counsel intended to post both the Notice and Stipulation of Settlement to their website on October 6, 2017, per the Court's preliminary order. On October 31, 2017, Plaintiff's counsel discovered that only the Notice had been posted, and thereafter, immediately posted the Stipulation of Settlement. As the Notice, which describes in detail the Settlement and directs NovaBay stockholders to contact Plaintiff's counsel if they seek more information, was timely posted and mailed, notice is adequate.

**IV. Plaintiff's Counsel Is Entitled To An Award Of Reasonable Attorneys' Fees And Expenses Because This Litigation Conferred A Substantial Benefit On Novabay And Its Stockholders.**

Plaintiff's counsel respectfully requests that the Court approve an award of reasonable attorneys' fees and reimbursement of expenses in the amount of $205,000, of which Plaintiff would receive $2,000 as an incentive award. The Court should grant the requested fee award because it was agreed upon by the parties after arm's-length negotiations and is supported by applicable law.

**A. Courts Favor A Negotiated Resolution Of Attorneys' Fees.**

Pursuant to the Stipulation of Settlement, and following arm's-length negotiations, the Company has agreed to pay Plaintiff's counsel's fees and expenses up to $205,000. The Supreme Court has endorsed the consensual resolution of attorneys' fee issues in cases like this. *Hensley v. Eckherhart*, 461 U.S. 424, 437 (1983) ("A request for attorneys' fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee."). Absent evidence of collusion or detriment to the parties, courts should give "substantial weight to a negotiated fee amount." *Ingram v. Coca-Cola Co.*, 200 F.R.D. 685, 695 (N.D. Ga. 2001).

The parties began negotiating attorneys' fees only after agreeing to the substantive terms of the settlement and, as with the Stipulation of Settlement itself, the fee was negotiated at arm's-length between experienced counsel, and was not the product of fraud, overreach, or collusion. As such, the Court should give substantial weight to the negotiated fee and grant Plaintiff the requested fee award.

**B. This Action Produced Substantial Benefits To Novabay And Its Stockholders, And The And The Requested Award Is Reasonable.**

In representative litigation such as this, the amount of the award of fees is left to the broad discretion of the Court. *Ams. Mining Corp. v. Theriault*, 51 A.3d 1213, 1255 (Del. 2012);

*Tandycrafts, Inc. v. Initio Partners*, 562 A.2d 1162, 1164-65 (Del. 1989).[4] In exercising its discretion, courts consider what are known as the *Sugarland* factors. *Ams. Mining Corp*, 51 A.3d at 1255. The Delaware Supreme Court has instructed that the benefit achieved by counsel is the primary and "most important" *Sugarland* factor considered in making a fee award. *Id.* The secondary factors include the contingent nature of the representation, the time and effort expended by counsel, the quality of the work performed, the standing and skill of the lawyers involved, and the complexity of the case. *Sugarland Indus., Inc. v. Thomas*, 420 A.2d 142, 149-50 (Del. 1980); *see Olson v. EV3, Inc.*, 2011 WL 704409, at *15 (Del. Ch. Feb. 21, 2011) (identifying these factors as the "Secondary *Sugarland* Factors").

As explained above, the vindication of stockholder voting rights "is a major public policy objective" and is "a core value in corporate governance" and, as such, vindication of such rights have "a very real, even if unquantifiable, benefit." *San Antonio Fire & Police Pension Fund*, 2010 WL 4273171, at *13; *see also EMAK Worldwide, Inc.*, 50 A.3d at 433 (explaining that "[s]hareholder voting rights are sacrosanct"). In similar cases, courts have awarded attorneys' fees much higher than the modest fee sought here. *See, e.g., EMAK*, 50 A.3d 429 at 432, 434 (awarding $2.5 million in fees where "Plaintiff's counsel produced corporate benefits by preserving voting brights"); *In re Cheniere Energy, Inc.*, C.A. No. 9710-VCL (Del. Ch. Mar. 16, 2015) (TRANSCRIPT), Fields Declaration, dated November 3, 2017 ("Fields Decl."), Ex. A, at 101-102 (awarding $2.5 million for benefit involving stockholder voting rights, stating that "[w]hen we provide votes for stockholders in Delaware, we don't price it based on the

---

[4] Because NovaBay is a Delaware corporation, Delaware law applies to Plaintiff's application for an award of attorneys' fees and expenses. *Sec. Mut. Life Ins. Co. v. Contemporary Real Estate Assoc.*, 979 F.2d 329, 331-32 (3d. Cir. 1992). However, as "Delaware and federal law are in accord on the issue of derivative counsel fees," federal law is also appropriately considered. *In re BEA Sys. Deriv. Litig.*, 2009 WL 815452, at *2 (N.D. Cal. Mar. 27, 2009) (citation omitted).

underlying item that the stockholders are voting on . . . [instead] you get the amount . . . that is suggested by the cases for the vote, even [if] the size of the issuer is small"); *Shepherd v. Simon*, C.A. No. 7902-VCL, (Del. Ch. Sept. 10, 2014) (ORDER), Fields Decl., Ex. B at 7 (awarding $500,000 for obtaining disclosures and ratifying stockholder vote).

Plaintiff's efforts have also caused NovaBay to adopt enhanced internal controls and additional corporate governance procedures that are designed to ensure that equity compensation grants are compliant with the Company's stockholder-approved compensation plans and applicable law. Attorneys' fee awards are also warranted where a plaintiff's action leads to improved corporate governance or enhanced corporate disclosures. *See, e.g.*, *Mills v. Elec. Auto-Lite Co.*, 396 U.S. 375, 395-96 (1970) ("[A] corporation may receive a 'substantial benefit' from a derivative suit, justifying an award of counsel fees, regardless of whether the benefit is pecuniary in nature."); *Ryan v. Gifford*, 2009 WL 18143, at *10, *13-14 (Del. Ch. Jan. 2, 2009) (recognizing that corporate governance reforms "can provide substantial benefits," and finding corporate governance reforms meant to prevent any future wrongful option grants to be "significant" when awarding attorneys' fees and expenses of $9.5 million).

The secondary *Sugarland* factors also support the agreed-upon fee. Plaintiff's counsel undertook this litigation on a contingency basis and assumed all risk that they "would be unable to successfully prosecute [this] complex derivative action." *Cendant Corp.*, 232 F. Supp. 2d at 339; *see also Ryan*, 2009 WL 18143, at *13 (explaining that "an attorney may be entitled to a much larger fee when the compensation is contingent than when it is fixed on an hourly or contractual basis"). Plaintiff's counsel spent 127.5 hours on this matter. (Fields Decl. ¶ 3.) That Plaintiff was able to achieve the benefits efficiently and without the need for extensive (and unnecessary) litigation should not be weighed against him in awarding fees. *See Ams. Mining*

*Corp.*, 51 A.3d at 1257-58 (noting that the Delaware Supreme Court has rejected the use of time expended as the principal basis for determining fees and holding that the "benefit achieved by the litigation is the common yardstick by which a plaintiff's counsel is compensated in a successful derivative action" (citation omitted)); *Olson*, 2011 WL 704409, at *15 ("I give no weight to the hours expended. Counsel achieved via settlement all of the relief that they could have obtained by litigating through a merits hearing. Counsel should not be penalized for achieving complete victory quickly.").

Furthermore, awarding attorneys' fee without penalizing Plaintiff for achieving the benefits efficiently incentivizes law firms to engage in time-consuming and resource-intensive monitoring of corporate filings to uncover corporate misconduct. *See In re Activision Blizzard, Inc.*, 86 A.3d 531, 548 (Del. Ch. 2014) ("Incentivized by contingent fees, specialized law firms representing stockholder plaintiffs can "pursue monitoring activities that are wealth increasing for the collectivity (the corporation or the body of its stockholders). In so doing, corporations are safeguarded from fiduciary breaches and shareholders thereby benefit." (citations omitted); *Seinfeld v. Coker*, 847 A.2d 330, 333 (Del. Ch. 2000) ("It is important for shareholders to bring derivative suits because these suits, filed after the alleged wrongdoing, operate as an *ex post* check on corporate behavior. If no incentive existed for shareholders to band together to bring these suits, they would very often not be brought.").

Finally, the Settlement provides for a proposed incentive award of $2,000 for Plaintiff that would be paid out of the agreed-upon award of attorneys' fees and expenses. Such an amount is appropriate to compensate Plaintiff for stepping forward and serving as named-plaintiff on behalf of the Company and the Class. Plaintiff's requested $2,000 incentive award is within the range of reasonableness. *See, e.g.*, *Wyrick v. Redling*, 2:11-CV-5036-PD, Final Order

and Judgment (E.D. Pa. Dec. 12, 2012), Fields Decl., Ex. C (awarding plaintiff $5,000 incentive fee and stating "[b]ecause the incentive payment is 'to come from the attorneys' fees awarded to plaintiff's counsel,' it 'need not be subject to intensive scrutiny, as the interests of the corporation, the public, and the defendants are not directly affected'" (citation omitted)).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court: (1) certify the Class; (2) grant final approval of the Settlement; (3) award Plaintiff's counsel $205,000 in attorneys' fees and reimbursement of expenses; (4) grant an incentive award to Plaintiff of $2,000 to be paid from the award of attorneys' fees; and (5) dismiss this action with prejudice.

Dated: November 3, 2017

Respectfully submitted,

OF COUNSEL:

Joseph Levi
William J. Fields
LEVI & KORSINSKY LLP
30 Broad Street, 24th Floor
New York, New York 10004
(212) 363-7500

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiff*