**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

| | |
|---|---|
| LIAM KOZMA, derivatively and on behalf of NOVABAY PHARMACEUTICALS, INC. and individually and on behalf of all other similarly situated stockholders of NOVABAY PHARMACEUTICALS, INC., <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br>MARK M. SIECZKAREK, et al., <br><br>　　　　　Defendants, <br><br>　　And <br><br>NOVABAY PHARMACEUTICALS, INC. <br><br>　　　　　Nominal Defendant. | Case No. 16-cv-01254-JFB-SRF |

**FINAL ORDER AND JUDGMENT**

Plaintiff and Defendants in this action (the "Action") entered into a Stipulation of Settlement dated July 28, 2017 (the "Stipulation"), which set forth the terms and conditions for a settlement of the claims asserted in this Action (the "Settlement").

On September 26, 2017, this Court entered an Order Preliminarily Approving Class Settlement, which, *inter alia*, (i) preliminarily approved the Settlement; (ii) determined that, for purposes of the Settlement only, the Action should proceed as a non-opt-out class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, on behalf of a class consisting of all persons and entities (whether of record or beneficial) who held NovaBay common stock at any time between the close of business on April 7, 2016 and the close of business on April 21, 2017, including any and all of their respective successors-in-interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and

remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors and successors and assigns, but excluding Defendants, members of the immediate family of any Defendant, any entity in which a Defendant has or had a controlling interest, officers of the Defendants, and the legal representatives, heirs, successors or assigns of any such excluded person (the "Settlement Class"); (iii) approved the form of notice of the Settlement to members of the Settlement Class ("Class Members"); (iv) directed that appropriate notice of the Settlement be given to members of the Settlement Class; and (v) set a hearing date for final approval of the Settlement.

Notice of the Settlement was mailed to Class Members on October 26, 2017 and posted on the website of Levi & Korsinsky, LLP on October 6, 2017.

On December 15, 2017, the Court held a hearing on whether the Settlement is fair, reasonable, and adequate (the "Final Settlement Hearing"). At the Final Settlement Hearing, Plaintiff and the Settlement Class were represented by Lead Counsel from the law firm of Levi & Korsinsky, LLP. Defendants were also represented by counsel. No objectors or class members appeared.

Having heard arguments of counsel for the Parties, having reviewed all materials submitted, having considered all of the files, records, and proceedings in the Action, and being otherwise fully advised, **THE COURT HEREBY FINDS AND CONCLUDES** that:

A. This Judgment incorporates the Stipulation, including its defined terms, and makes it a part hereof.

B. This Court has jurisdiction over the subject matter of this Action, Plaintiff, and all other Class Members, and has jurisdiction to enter this Judgment.

C. All of the requirements set forth in Rule 23(b)(2) of the Federal Rules of Civil Procedure for final certification of the Class are met for settlement purposes, and therefore this Action is properly maintained as a settlement class action, and the Settlement Class is properly certified. If the Court's grant of final approval of the Settlement does not become Final for any reason whatsoever, or if it is modified in any material respect, this Settlement Class certification shall be deemed void *ab initio*, shall be of no force or effect whatsoever, and shall not be referred to or used for any purpose whatsoever, including in any later attempt by or on behalf of Plaintiff or anyone else to seek class certification in this or any other matter.

D. Solely for purposes of the Settlement, the Court confirms its appointment of Plaintiff Liam Kozma as Class Representative and the law firm of Levi & Korsinsky, LLP as Lead Counsel to represent the Settlement Class pursuant to Federal Rule of Civil Procedure 23.

E. The form, content, and method of dissemination of the notice given to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances.

F. The notice, as given, complied with the requirements of Rule 23 of the Federal Rules of Civil Procedure and met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court and any other applicable law. Further, the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged.

G. The Settlement set forth in the Stipulation resulted from serious, informed, non-collusive negotiations conducted at arm's-length by the Parties and their counsel, was entered into in good faith, and is fair, reasonable, and adequate. Accordingly, the Settlement is hereby

fully and finally approved as fair, reasonable, and adequate, consistent and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law.  In making these findings, the Court considered, among other factors, (i) the nature of the claims asserted and the strength of 'Plaintiff's claims and Defendants'' defenses, (ii) the risk, expense, complexity, and likely duration of further litigation, (iii) the prospects of Plaintiff obtaining certification of a litigation class and of maintaining such certification through trial, (iv) the benefits offered pursuant to the Settlement, (v) the stage of the proceedings at which the Settlement was reached, (vi) the information available to the Parties and the Court, (vii) the experience and views of the Parties' counsel, (viii) the Class 'Members' reaction to the Settlement, (ix) the submissions and arguments made throughout these proceedings by the Parties, and (x) the submissions and arguments made in connection with the Final Settlement Hearing.

      H.      Plaintiff and Lead Counsel have fairly and adequately represented the interests of the Class Members in connection with the Settlement.

      I.      Plaintiff, all Class Members, and Defendants are hereby bound by the terms of the Settlement set forth in the Stipulation.

      J.      Without further approval of the Court, the Parties are hereby authorized to agree to and adopt such amendments, modifications, and expansions of the Stipulation (including its exhibits) as are not materially inconsistent with this Judgment and do not limit the rights of Class Members under the Stipulation.

**NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED** that:

1. The Settlement set forth in the Stipulation is fair, reasonable, adequate, and it shall be consummated in accordance with the terms and provisions of the Stipulation.

2. Upon the Effective Date, Judgment shall be, and hereby is, entered dismissing the Action and all Released Claims with prejudice, and without the award of any damages, costs, or fees, or the grant of any further relief, in favor of or against any party except as otherwise provided in the Stipulation, this Judgment or any other order that the Court might issue concerning attorneys' fees and expenses.

3. As of the Effective Date, Plaintiff and all other Class Members are deemed to have forever released, relieved, settled, and discharged, fully and completely, any and all Released Claims against any of the Released Parties.

4. With respect to any of the Released Claims, upon the Effective Date Plaintiff shall have, and each other member of the Settlement Class shall be deemed to have, and by operation of this Judgment shall have, expressly waived, relinquished, and released any and all provisions, rights, and benefits conferred by or under Cal. Civ. Code § 1542, or any law of the United States or any state of the United States or territory of the United States, or principle of common law, that is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH DEBTOR.

5. The Court permanently bars and enjoins (A) all Class Members from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from any other lawsuit, arbitration, or administrative,

regulatory, or other proceeding (as well as a motion or complaint in intervention in this Action if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, that is based upon, arises out of, or relates to any Released Claim as to any Released Party, and (B) all persons and entities from filing, commencing, or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action) or other proceeding on behalf of any Class Member as to the Released Parties, if such other lawsuit is based upon, arises out of, or relates to any Released Claim, including any claim that is based upon, arises out of, or relates to the Action or the transactions and occurrences referred to in the Complaint.

6.  Upon the Effective Date, Defendants and the Released Parties release Plaintiff, Lead Counsel and the other Class Members and their counsel, from all claims arising out of the commencement, prosecution, settlement, or resolution of the Action, <u>provided, however</u>, that the Defendants and Released Parties shall retain the right to enforce in the Court the terms of the Stipulation.

7.  To effectuate the Settlement, the Court hereby enters the following Complete Bar:

a.  Upon the Effective Date, any and all persons and entities are permanently barred, enjoined and restrained from commencing, prosecuting or asserting any claim against any Released Party arising under any federal, state, or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including claims for breach of contract or for misrepresentation, where the claim is or arises out of a Released Claim and the alleged injury to such person or entity arises out of that person's or

entity's alleged liability to the Class or any Class Member, including any claim in which a person or entity seeks to recover from any of the Released Parties (i) any amounts such person or entity has or might become liable to pay to the Class or any Class Member, and/or (ii) any costs, expenses, or attorneys' fees from defending any claim by the Class or any Class Member.  All such claims are hereby extinguished, discharged, satisfied and unenforceable, subject to a hearing to be held by the Court, if necessary; provided, however, that if the Settlement Class or any Class Member obtains any judgment against any such barred person or entity based upon, arising out of, or relating to any Released Claim for which such barred person or entity and any of the Released Parties are found to be jointly liable, that person or entity shall be entitled to a judgment credit equal to an amount that is the greater of (i) an amount that corresponds to such Released Party's or Released Parties' percentage of responsibility for the loss to the Class or Class Members or (ii) either (a) the settlement amount, in the case of the Settlement Class, or (b) that portion of the settlement amount applicable to the Class Member, in the case of a Class Member, unless the court entering such judgment orders otherwise.

        b.      Upon the Effective Date, each and every Released Party is permanently barred, enjoined and restrained from commencing, prosecuting or asserting any claim against any other person or entity (including any other Released Party) arising under any federal, state or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including claims for breach of contract and for misrepresentation, where the claim is or arises from a Released Claim and the alleged injury to such Released Party arises out of that Released Party's alleged liability to the Class or any Class Member, including any claim in which any Released Party seeks to recover from any person or

entity (including another Released Party) (i) any amounts any such Released Party has or might become liable to pay to the Class or any Class Member and/or (ii) any costs, expenses or attorneys' fees from defending any claim by the Class or any Class Member.  All such claims are hereby extinguished, discharged, satisfied and unenforceable.

c. Notwithstanding anything stated in this Complete Bar, if any person or entity (a "Petitioner," for purposes of this Complete Bar) commences against any of the Released Parties any action either (i) asserting a claim that is or arises out of a Released Claim, and where the alleged injury to such Petitioner arises out of that Petitioner's alleged liability to the Class or any Class Member or (ii) seeking contribution or indemnity for any liability or expenses incurred in connection with any such claim, and if such action or claim is not barred by a court pursuant to this Complete Bar or is otherwise not barred by this Complete Bar, neither this Complete Bar nor any provision of the Stipulation shall bar claims by that Released Party against (A) such Petitioner, (B) any person or entity who is or was controlled by, controls or controlled, or is or was under common control with the Petitioner, whose assets or estate are or were controlled, represented or administered by the Petitioner, or as to whose claims the Petitioner has succeeded, and (C) any person or entity that participated with any of the preceding persons or entities described in items (A) and (B) of this subparagraph in connection with the assertion of the claim brought against the Released Party or Released Parties; provided, however, that nothing in this Complete Bar or the Stipulation shall prevent the Parties from taking such steps as necessary to enforce the terms of the Stipulation.

d. If any terms of this Complete Bar entered by the Court are held to be unenforceable after the date of entry, such provision shall be substituted with such other

provision as may be necessary to afford all of the Released Parties the fullest protection permitted by law from any claim that is based upon, arises out of, or relates to any Released Claim.

        e.      Notwithstanding this Complete Bar or anything else in the Stipulation, nothing shall release, interfere with, limit, or bar the assertion by any Released Party of any claim for insurance coverage under any insurance, reinsurance or indemnity policy that provides coverage respecting the conduct at issue in this Action.

        8.      The Court hereby approves the sum of $205,000 for the payment of Plaintiff's attorney's fees and expenses (the "Fee and Expense Amount").  NovaBay or its successor(s) or insurer(s) shall transfer the Fee and Expense Amount in accordance with the terms and conditions of the Stipulation.  The Court further approves an incentive payment of $2,000 to be paid by Lead Counsel from the Fee and Expense Amount to Plaintiff Liam Kozma.

        9.      The Court hereby decrees that neither the Stipulation nor any negotiations, statements or proceedings in connection therewith, nor this Judgment, nor the fact of the Settlement, shall be construed as, or deemed to be evidence of, an admission or concession on the part of the Plaintiff, any other Class Members, any Defendant, any Released Party, or any other person of any liability or wrongdoing by them, or any of them.  This Judgment is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action.  Neither the Stipulation nor any negotiations, statements or proceedings in connection therewith, nor this Judgment, nor the fact of the Settlement, shall be offered or received in evidence in any action or proceeding, or be used in any way, as an admission, concession, presumption, inference, or evidence of any liability or wrongdoing of any nature against any of the Released

Parties in any proceeding, other than such proceedings as may be necessary to consummate or enforce the Stipulation.

10. This Court hereby retains and reserves exclusive jurisdiction over all matters relating to the interpretation, administration, implementation, effectuation and enforcement of the Stipulation and the Settlement.

11. There being no just reason for delay, the Clerk of Court is hereby directed to enter this Judgment forthwith pursuant to Rule 58 of the Federal Rules of Civil Procedure.

12. In the event that this Judgment does not become "Final" in accordance with Paragraph 5 of the Stipulation, then the judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and this Judgment shall be vacated. In such event, all orders entered in connection with the Settlement shall be null and void, and the Settlement Class shall be decertified. In such event, the Action shall return to its status immediately prior to execution of the Stipulation.

**IT IS SO ORDERED**.

DATED:  December 18, 2017                              **BY THE COURT:**

                                                                          s/ Joseph F. Bataillon
                                                                          Senior United States District Judge